IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| United States Bank, N.A., | NO. C 11-04788 JW |
| Appellant, | **ORDER AFFIRMING CONFIRMATION OF BANKRUPTCY PLAN** |
| v. | |
| John Howard Boardman & Johanna Lea Boardman | |
| Appellees. | |

## I. INTRODUCTION

United States Bank ("Appellant") appeals the Bankruptcy Court's confirmation of the Chapter 13 Bankruptcy Plan of John Howard Boardman and Johanna Lea Boardman ("Appellees"). Appellant contends that the Bankruptcy Court erred in confirming a Chapter 13 plan that was neither feasible nor committed all of Appellees' disposable income to the payment of creditors. This Court has jurisdiction over appeals from a United States Bankruptcy Court pursuant to 28 U.S.C. § 158(a).

Presently before the Court is Appellant's bankruptcy appeal.[1] The Court finds it appropriate to take the appeal under consideration without oral argument. See Bankr. L.R. 8012-1. Based on the papers submitted to date, the Court AFFIRMS the decision of the Bankruptcy Court.

## II. BACKGROUND

On January 5, 2005, Appellees obtained a loan in the amount of $540,000 from Downey Savings and Loan Association, secured by the Deed of Trust encumbering real property located at

---

[1] (Appellant's Opening Brief, hereafter, "Appeal," Docket Item No. 6.)

1  3571 Tollini Lane, Ukiah, CA ("the Property").[2] This loan had an adjustable interest rate, and
2  required repayment beginning in March of 2006. (Id. at 71-72.)

3        On July 14, 2010, Appellees filed a voluntary petition for Chapter 13 bankruptcy in United
4  States Bankruptcy Court.[3] At the time of their Petition, Appellees estimated their total assets to be
5  valued at just over $300,000, while their total liabilities were valued at approximately $950,000.
6  (Id. at 19.) Among the liabilities listed in Appellees' Petition was Appellant's secured claim in the
7  amount of $676,737.00. (Id. at 21.)

8        On July 14, 2010, Appellees filed their initial Chapter 13 plan.[4] On July 23, 2010, Appellees
9  filed a Motion to Determine Secured Status with the Bankruptcy Court. (Id. at 56.) Appellees
10 contended that the value of the collateral Property had diminished to $270,000, and that the
11 remaining portion of Appellant's claim was unsecured. (Id. at 56-58.) On October 22, 2010, after a
12 series of objections and modifications to the proposed plan, the parties stipulated that the fair market
13 value of the collateral property was $400,000.[5] On December 11, 2010, Appellees filed a Second
14 Amended Chapter 13 Plan, proposing that Appellant's interest in the collateral property be
15 extinguished upon payment of the current market value of the Property alone.[6] Appellant objected
16 to the Second Amended Plan, contending that the plan impermissibly modified the value of its
17 secured claim.[7]

18 ───────────────

19    [2] (See Proof of Claim at 66-105, hereafter, "Proof of Claim," Docket Item No. 7-2.)
Appellant is the successor in interest to the FDIC as receiver for Downey Savings and Loan
20 Association. (See Docket Item No. 7-3 at 133.)

21    [3] (See Voluntary Petitioner for Chapter 13 Bankruptcy at 12-16, hereafter, "Petition,"
Docket Item No. 7-1.)
22

23    [4] (See Chapter 13 Plan at 39-52, hereafter, "First Proposed Plan," Docket Item No. 7-1 & 7-2.)

24    [5] (See Stipulation Resolving Debtors' Motion to Determine Secured Status at 300-01,
hereafter, "Stipulation," Docket Item No. 7-8.)
25

26    [6] (See Second Amended Chapter 13 Plan at 308-10, Docket Item No. 7-8.)

27    [7] (See Renewed Objections to Second Amended Chapter 13 Plan and Confirmation Thereof
at 314-15, Docket Item No. 7-8.)

28

2

On February 7, 2011, Bankruptcy Judge Jaroslovsky issued a Memorandum regarding Appellant's Objections to the Second Amended Plan. Judge Jaroslovsky explained that as a matter of law, Appellant's claim could be bifurcated into secured and unsecured portions as proposed by Appellees' plan.[8] Judge Jaroslovsky found, however, that the Second Amended Plan was nonetheless not confirmable because it required U.S. Bank to forfeit its lien before the completion of the plan. (Id. at 428.) Thus, Judge Jaroslovsky denied confirmation of the Second Amended Plan.

On April 6, 2011, Appellees submitted their Third Amended Chapter 13 Plan.[9] The Third Amended Plan provided that Appellees would borrow the current market value of the Property from a third-party lender, and use the loan to pay Appellant the value of its secured claim. (Id. at 433.) The plan also provided that upon payment of the secured claim to Appellant, the Deed of Trust of U.S. Bank would be subordinated to the Deed of Trust held by the new third-party lender. (Id.) The plan further required Appellees to contribute $200 per month to the plan for the payment of unsecured creditors for thirty-six months from the plan's confirmation. (Id. at 430.)

On May 11, 2011, Judge Jaroslovsky conducted a hearing on the confirmation of the Third Amended Plan.[10] At the hearing, Appellant objected to confirmation on the grounds that the plan did not commit all of Appellees' disposable income to the payment of creditors. (Id. at 676.) Appellant contended that because Appellees would be obtaining the loan from one of their mothers, it was likely that Appellees would not actually be required to pay back the loan. (Id. at 675.) Appellant further contended that if Appellees were not required to pay back the loan, then the $400,000 functioned essentially as a gift, and Appellees would have significantly more disposable income with which to pay creditors than the Third Amended Plan reflected. (Id.) Appellant also contended that Appellees had not complied with the procedural requirements of Bankruptcy Rule 4001(c). In

---

[8] (See Memorandum on Objection to Confirmation of Chapter 13 Plan at 427-28, hereafter, "Memorandum," Docket Item No. 7-10.)

[9] (Third Amended Chapter 13 Plan at 430-434, hereafter, "Third Amended Plan," Docket Item No. 7-10.)

[10] (See Transcript of Proceedings: Confirmation Hearings at 670-684, hereafter, "May 11 Transcript," Docket Item No. 7-21.)

light of Appellant's procedural objection, Judge Jaroslovsky set an additional hearing for June 8, 2011, to allow Appellees time to correct any procedural deficiencies under Rule 4001(c). (Id. at 680.)

On June 8, 2011, Judge Jaroslovsky conducted a second hearing on the confirmation of the Third Amended Plan.[11] Appellant again objected to confirmation on the grounds that the plan was not feasible and that the $400,000 loan to Appellees should be construed as income, and not a loan which would require repayment. (Id. at 696-98.) Judge Jaroslovsky found that the $400,000 loan was not a gift but in fact a loan, and that Appellant's interest was adequately protected in the event the plan was not completed. (Id. at 701-02.) Thus, Judge Jaroslovsky found that the Third Amended Plan met the requirements of the Bankruptcy Code and should be confirmed. (Id.)

Presently before the Court is Appellant's appeal of the Bankruptcy Court's confirmation of the Third Amended Plan.

### III. STANDARDS

This Court has jurisdiction over appeals from a United States Bankruptcy Court pursuant to 28 U.S.C. § 158(a). In reviewing a final judgment of the United States Bankruptcy Court, findings of fact shall not be set aside unless clearly erroneous, and "due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed. R. Bankr. P. § 8013. A finding of fact is not clearly erroneous unless the reviewing court is firmly convinced that a mistake has been committed. In re Roberts Farms, Inc., 980 F.2d 1248, 1253 (9th Cir. 1992). Legal conclusions by the Bankruptcy Court are reviewed *de novo*. Id. at 1251.

### IV. DISCUSSION

Appellant contends that the Bankruptcy Court erred in confirming Appellees' Third Amended Plan because: (1) the plan is not feasible, as Appellees' expenses exceed their projected income, and thus Appellees are not reasonably likely to be able to afford all payments on the plan; and (2) Appellees' plan was not proposed in good faith because it is in effect a short-sale of the

---

[11] (See Transcript of Proceedings: Confirmation Hearing/Evidentiary Hearing at 684-704, hereafter, "June 8 Transcript," Docket Item No. 7-21.)

4

1 collateral property to a relative of Appellees, and does not commit all of Appellees' disposable
2 income to the payment of creditors. (Appeal at 5.) Appellees respond that: (1) the plan is feasible,
3 as is evidenced by Appellees successfully making all payments owed to date; and (2) the plan was
4 proposed in good faith, as Appellees obtained additional financing to repay their creditors as is
5 allowed by the Bankruptcy Code.[12] The Court considers each of Appellant's objections to the plan
6 in turn.[13]

**A.     Feasibility**

At issue is whether the Third Amended Plan is feasible.

Under the feasibility requirement of 11 U.S.C. § 1325(a)(6), "a court may not approve a plan unless, after considering all creditors' objections and receiving the advice of the trustee, the judge is persuaded that 'the debtor will be able to make all payments under the plan and to comply with the plan.'" Till v. SCS Credit Corp., 541 U.S. 465, 480 (2004). The feasibility requirement does not demand certainty that a debtor will be able to comply with the plan, but rather means that the plan must have a "reasonable probability of success." See In re Acequia, Inc., 787 F.2d 1352, 1364-65 (9th Cir. 1986). "[Feasibility] is a finding of fact, which [a court] may not disturb on appeal unless it is clearly erroneous." In re Gavia, 24 B.R. 573, 574 (B.A.P. 9th Cir. 1982) (citations omitted). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).

---

[12] (Appellees' Opening Brief at 8, hereafter, "Response," Docket Item No. 9.)

[13] Appellees contend that Appellant's objections are contradictory, in that Appellant simultaneously contends both that Appellees do not have sufficient disposable income to contribute to the plan and that the plan does not commit all of Appellees' disposable income to the payment of creditors. (See Appellees' Reply Brief at 1, hereafter, "Appellees' Reply," Docket Item No. 11.) The Court finds, however, that these objections are not contradictory, but instead stem from alternative ways of viewing the $400,000 loan from Appellees' mother. If the money is viewed as a loan which Appellees must pay back, then Appellant contends that the plan is not feasible, as Appellees' expenses exceed their income. If, in the alternative, the money is viewed as a gift which will likely not be paid back, then Appellees will have significantly more disposable income than the $200 per month they are committed to contributing to the plan.

*United States District Court* — For the Northern District of California

Here, the Third Amended Plan requires Appellees to contribute $200 per month to the payment of unsecured creditors for thirty-six months.[14] Appellant objects that the Third Amended Plan is infeasible because Appellees' projected expenses exceeded their projected income, thus making it infeasible for Appellees to contribute $200 per month to the bankruptcy plan.[15] Appellees do not dispute that their projected expenses exceed their projected income,[16] but contend that the Bankruptcy Court did not err in confirming the plan because Appellees had succeeded in making all $200 per month payments through the date of confirmation, thus demonstrating that they were capable of making such payments in spite of their income-to-expense ratio.[17]

The Bankruptcy Court made no explicit factual findings as to the feasability of Appellees' plan.[18] Instead, Judge Jaroslovsky concluded generally that "the [Third Amended Plan] appears to me to meet the requirements of law." (Id. at 18.) In making this general finding, Judge Jaroslovsky also protected Appellant's interest in the plan by providing that if Appellees fail to make all payments required by the plan, then Appellant's claim on the collateral property would again take priority over the claims of the new lender.[19]

Upon review, the Court finds that the Bankruptcy Court's determination that the Third Amended Plan is feasible was not clearly erroneous. Although the excess of debt-to-income ratio raises a question as to the feasibility of the plan, the fact that Appellees were able to make all payments on the plan up to the date of the confirmation provides a reasonable basis for the Bankruptcy Court to conclude that Appellees will be able to continue doing so. In light of this

---

[14] (See Third Amended Plan at 1.)

[15] (See June 8 Transcript at 696.)

[16] (See Response at 3; Income and Expense Worksheet at 37.)

[17] (See June 8 Transcript at 688; see also Appellant's Reply at 1.)

[18] (See June 8 Transcript.)

[19] (See Order Confirming Plan at 598, hereafter, "Confirmation Order," Docket Item No. 7-19; see also Notice of Election of Option 3(b) of Proposed Order Confirming Third Amended Chapter 13 Plan at 590, Docket Item No. 7-19.)

6

history of success in making the required plan payments, the Bankruptcy Court was not clearly erroneous in determining that the Third Amended Plan has a reasonable probability of success.

Accordingly, the Court AFFIRMS the Bankruptcy Court's implicit finding that the Third Amended Plan is feasible.

**B.** **Good Faith**

At issue is whether the Third Amended Plan was proposed in good faith, and commits all of Appellees' disposable income to the payment of creditors.

Title 11 U.S.C. § 1325(a)(3) provides that a Chapter 13 plan may not be confirmed unless "the plan has been proposed in good faith and not by any means forbidden by law." In addition, title 11 U.S.C. § 1325(b) provides that if the holder of an unsecured claim against a debtor objects to the confirmation of the plan, the plan should not be confirmed unless the plan requires payment of the full value of the claim to the unsecured creditor, or, in the alternative, commits all of the debtor's disposable income to the payment of creditors for the duration of the plan. See id. § 1325(b)(1). Good faith is not statutorily defined. In re Padilla, 213 B.R. 349, 352 (B.A.P. 9th Cir. 1997). "Instead, a court must make a factual determination of whether a plan has been proposed in good faith based on a totality of the circumstances." Id. (citations omitted).

Here, Appellant's objection stem from the Bankruptcy Court's treatment of the $400,000. Appellant contends that this money, which Appellees received from one of Appellees' mothers, should be treated as a gift, thus giving Appellees significantly more disposable income than the Third Amended Plan reflects.[20] Upon review, however, the Court finds that the Bankruptcy Court's treatment of the $400,000 as a loan was not clearly erroneous. After considering Appellant's argument that the $400,000 should be treated as a gift, the Bankruptcy Court relied on the fact that the mother was taking a deed of trust in exchange for the money to conclude that it was indeed a loan and not a gift.[21] Bankruptcy courts routinely allow creditors to borrow money from family

---

[20] (See June 8 Transcript at 684-704.)

[21] (Id. at 701-02.)

7

members to pay down existing debts, and the status of the lender as a family member does not indicate that the loan should necessarily be treated as a gift.[22] Further, Appellant offers no evidence in support of its contention that Appellees will not be required to pay back the loan; this contention is pure speculation based on the relationship between Appellees and the lender.[23] Without any evidence that the $400,000 is a gift to Appellees, the Court cannot find that the Bankruptcy Court committed a mistake in treating the money as a loan.

Accordingly, the Court AFFIRMS the findings of the Bankruptcy Court that the plan was filed in good faith and commits all of Appellees' disposable income to the payment of creditors.

## V. CONCLUSION

The Court AFFIRMS the Bankruptcy Court's confirmation of the Third Amended Plan.

Dated: August 30, 2012

JAMES WARE
United States District Chief Judge

---

[22] See, e.g., In re Pellegrino, 423 B.R. 586, 590 (B.A.P. 1st Cir. 2010); In re Easley, 205 B.R. 334, 335 (Bankr. M.D. Fla. 1996).

[23] (See Appeal; see also June 8 Transcript.)

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Cassandra Jean Richey crichey@pralc.com
David N. Chandler dchandler1747@yahoo.com
Lilian G Tsang liliant@burchardtrustee.com

**Dated: August 30, 2012**          **Richard W. Wieking, Clerk**

                                               **By:      /s/ JW Chambers**
                                                       **William Noble**
                                                       **Courtroom Deputy**

**United States District Court**
For the Northern District of California