IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States Bank, N.A.<br><br>    Appellant,<br><br>v.<br><br>JOHN HOWARD BOARDMAN ET AL.,<br><br>    Appellees._____/ | No. C 11-04788 CRB<br><br>**ORDER DENYING MOTION TO ALTER JUDGMENT** |

In substance, this is a motion for reconsideration of this Court's order affirming the Bankruptcy Court's confirmation of the Chapter 13 Bankruptcy Plan of Debtors John Howard Boardman and Johanna Lee Boardman. While the bank points out a tension in the way the Bankruptcy Court and this Court treated a loan from a family member for purposes of analyzing the Chapter 13 plan, the Court's treatment of the loan was not an error or oversight, and so the Court DENIES the motion.

**I.    INTRODUCTION**

The Boardmans petitioned for Chapter 13 bankruptcy in July 2010. N.D. Cal. Petition, Bankruptcy Case No. 10-12656 Dkt. ("BK Dkt.") 1. At the time of the petition, they owed U.S. Bank $676,737 in connection with a loan secured by real property in Ukiah, California. Id. at 10. The parties stipulated the home was worth $400,000. BK Dkt. 35.

The Boardmans' Third Amended Chapter 13 Plan bifurcated U.S. Bank's claim into its secured and unsecured portions, and proposed to pay off the secured portion in full with a

1  loan from John Boardman's mother, while the unsecured portion would essentially be a loss
2  for the bank. Third Amended Plan, BK Dkt. 48; Hr'g Tr., BK Dkt. 74, at 6. The Bankruptcy
3  Court confirmed the plan over U.S. Bank's objections. Objection, BK Dkt. 50; Order
4  Confirming Plan, BK Dkt. 58. U.S. Bank appealed, and this Court affirmed the Bankruptcy
5  Court and entered judgment for the Boardmans. Dkts. 12, 13.

6      U.S. Bank now moves to alter the judgment, arguing that this Court made a mistake of
7  law and deprived it of due process in ruling without hearing oral argument on the appeal. As
8  relevant to this motion, the crux of U.S. Bank's arguments were set out in a footnote in this
9  Court's previous order, which explained that U.S. Bank's objections

> stem from alternative ways of viewing the $400,000 loan from [the] mother. If the money is viewed as a loan which [the Boardmans] must pay back, then [U.S. Bank] contends that the plan is not feasible, as [the Boardmans'] expenses exceed their income. If, in the alternative, the money is viewed as a gift which will likely not be paid back, then [the Boardmans] will have significantly more disposable income than the $200 per month they are committed to contributing to the plan [and thus proposed the plan in bad faith].

Id. at 5 n.13. The Order went on to affirm the Bankruptcy Court's treatment of the $400,000 as a loan that must be paid back rather than additional disposable income. Id. at 7-8.

    U.S. Bank now argues that this Court was correct in concluding that the $400,000 was a loan, but (1) the Court applied the wrong test in determining whether the plan was feasible, and (2) the Court erred by essentially treating the $400,000 as a loan for purposes of the "good faith" inquiry but as a gift for purposes of the feasibility analysis.

## II. LEGAL STANDARD

    Rule 60(b) provides relief from judgment where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). U.S. Bank cites subdivisions (1) and (6) in support of its motion.

    Rule 60(b)(1) permits relief from judgment because of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Though motions under this

2

subsection usually concern mistakes made by the party seeking relief, the Ninth Circuit permits 60(b)(1) relief premised on an error of law made by the court. <u>Kingvision Pay-Per-View Ltd. v. Lake Alice Bar</u>, 168 F.3d 347, 350 (9th Cir. 1999); <u>Liberty Mut. Ins. Co. v. E.E.O.C.</u>, 691 F.2d 438, 440-41 (9th Cir. 1982); see also 11 Wright et al., <u>Federal Practice & Procedure</u> § 2858.1 (2d ed. 2008) (noting circuit split).

Rule 60(b)(6) is a "catchall provision" that applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60. <u>United States v. Washington</u>, 394 F.3d 1152, 1157 (9th Cir. 2005). "It has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." <u>Id.</u> (internal quotations omitted). A party "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion." <u>Id.</u> (internal quotations omitted).

## III. DISCUSSION

U.S. Bank moves for relief from the judgment under both 60(b)(1) and 60(b)(6).

### A. 60(b)(1)

U.S. Bank says this Court's order affirming the confirmation of the plan conflated whether the debtors have demonstrated an ability to make all payments required to be made under the terms of the Third Amended Chapter 13 Plan with whether they showed an ability to make a particular $200 payment to the trustee called for under the plan. The Order stated:

> Although the excess debt-to-income ratio raises a question as to the feasibility of the plan, the fact that [the Boardmans] were able to make all payments on the plan up to the date of the confirmation provides a reasonable basis for the Bankruptcy Court to conclude that [the Boardmans] will be able to continue doing so. In light of this history of success in making the required plan payments, the Bankruptcy Court was not clearly erroneous [sic] in determining that the Third Amended Plan has a reasonable probability of success.

Dkt. 12 at 6-7. It is true that the record reflects that the Boardmans were current only on the $200 trustee payment, May 11 Hr'g Tr., BK Dkt. 73 at 8, and is silent as to the payment history for other required payments.

3

This Court should have been more precise in its language; nevertheless, the Order did not, as U.S. bank suggests, fundamentally misconstrue the feasibility test. On the contrary, the Order correctly explained that "a court may not approve a plan unless, after considering all creditors' objections and receiving the advice of the trustee, the judge is persuaded that 'the debtor will be able to make <u>all</u> payments under the plan and to comply with the plan.'" Order Affirming, dkt. 12 at 5 (quoting <u>Till v. SCS Credit Corp.</u>, 541 U.S. 465 480 (2004)) (emphasis added). The demonstrated ability to stay current on post-petition trustee payments is some evidence of a debtor's ability to make all required plan payments. <u>E.g.</u>, <u>In re Hua</u>, 411 B.R. 671, 677 (Bankr. S.D. Cal. 2009); <u>Margraf v. Oliver</u>, 28 B.R. 420, 423-24 (Bankr. S.D. Ohio 1983).[1]

Of course, as U.S. Bank points out, a debtor could stay current with the trustee while falling behind on other required payments, so it is not conclusive evidence. Along those lines, U.S. Bank argues that once the $400,000 from Boardman's mother is classified as a loan and not a source of income, the Boardmans' documented expenses far exceeded their income, and the Boardmans' own figures made clear that they could not possibly make all required plan payments through the life of the plan.

On the other hand, U.S. Bank concedes that "[i]f the Bankruptcy Court or the District Court had found that the $400,000 loan by [the] mother was a 'gift' then the Debtors would have demonstrated 'positive income.'" Mot. at 6; <u>see also</u> Appellant's Opening Br., dkt. 6, at 10; Appellant's Reply Br., dkt. 10, at 5 n.2. As a practical matter, then, if the Boardmans had some flexibility in using and repaying the $400,000 during the 36-month plan term, the plan was feasible. <u>Cf.</u> <u>In re Lapin</u>, 302 B.R. 184, 193 (Bankr. S.D. Tex. 2003) (plan feasible even though monthly expenses exceeded income where debtor identified other sources of money).

As the bank itself argued in contending that the plan was proposed in bad faith, the Bankruptcy Court could reasonably conclude on the record before it that the Boardmans had

---

[1] U.S. Bank also suggested at the hearing on this motion that the feasibility question incorporates 11 U.S.C. § 109(e)'s requirement that a Chapter 13 debtor have "regular income." In "most cases, the fact that a debtor has been making regular plan payments to the trustee is significant evidence that the debtor's income is sufficiently regular." <u>Collier on Bankruptcy</u> ¶101.30[2] (Resnick & Sommer eds. 16th ed.).

4

that leeway in making full payments on the $400,000 loan during the life of the plan: "[t]here [wa]s no requirement the loan be current (there are no default terms) and there [wa]s no further requirement that [the Boardmans] shall pay the loan in full until 2026." Appellant's Opening Br. 14.

True, there is some tension in concluding that (1) the $400,000 need not be treated as "disposable income" because it was a loan that the Boardmans were obligated to repay, and that (2) the repayment obligations were flexible and provided the Boardmans a cushion that made the plan feasible. U.S. Bank insists that any "cushion" must be disposable income that should have gone to unsecured creditors–but a loan with unusually favorable terms is still a loan, and the Bankruptcy Court has broad discretion in determining whether a plan is feasible. E.g., In re Anderson, 28 B.R. 628, 630-31 (Bankr. S.D. Ohio 1982); 8 Collier on Bankruptcy ¶ 1325.07[1] (Resnick & Sommer eds. 16th ed.).

Accordingly, the motion to alter judgment is DENIED.

**B.    60(b)(6)**

Subsection (b)(6) "and the preceding clauses are mutually exclusive; a motion brought under clause (6) must be for some reason other than the five reasons preceding it under the rule." Lyon v. Agusta S.P.A., 252 F.3d 1078, 1088-89 (9th Cir. 2001). To the extent U.S. Bank's arguments about legal error are brought under Rule 60(b)(6), they are accordingly DENIED.

U.S. Bank does, however, make a due process-type argument that does not fit comfortably under any of the other clauses. This Court decided the appeal without hearing oral argument, citing Northern District of California Bankruptcy Local Rule 8012-1, which states that "[u]pon completion of the briefing, the assigned District Judge will set a date for oral argument, if needed; otherwise the matter will be deemed submitted for decision." Order Affirming at 1. U.S. Bank says it was denied "a reasonable opportunity to be heard."

This Court's disposition was fully consistent with the local rule permitting decision without oral argument, which is not itself invalid or a violation of U.S. Bank's due process rights. Cf. Morrow v. Topping, 437 F.2d 1155, 1156 (9th Cir. 1971). Moreover, Rule 8012

5

contemplates that a party desiring oral argument can "file a statement setting forth the reason why oral argument should be allowed," Fed. R. Bankr. P. 8012, and U.S. Bank filed no such statement. Anyway, this motion has provided the bank the opportunity to fully brief and present oral argument on the merits of its arguments, so its motion to alter the judgment under Rule 60(b)(6) is DENIED.

## IV. CONCLUSION

This Court's Order Affirming Confirmation of Bankruptcy Plan was not premised on a legal error and did not deny U.S. Bank a reasonable opportunity to be heard. Accordingly, the Court DENIES the bank's motion to alter judgment.

**IT IS SO ORDERED.**

Dated: November 26, 2012

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE